IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE O. GUZMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO: _______________ |
| | § | |
| HACIENDA RECORDS AND RECORDING STUDIO, INC., | § | |
| | § | |
| HACIENDA RECORDS, L.P. A/K/A HACIENDA RANCHITO AND/OR DISCOS RANCHITO, | § | |
| | § | |
| LATIN AMERICAN ENTERTAINMENT, LLC, | § | |
| | § | |
| RICHARD GARCIA A/K/A RICK GARCIA | § | |
| | § | |
| and ROLAND GARCIA, SR. | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Jose I. Guzman, complaining of Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Richard Garcia a/k/a Rick Garcia and Roland Garcia, Sr., Defendants, and for cause of action shows the following:

## I. PARTIES

1. Plaintiff, JOSE O. GUZMAN, is an individual residing in the Southern District of Texas.

2. Defendant, HACIENDA RECORDS AND RECORDING STUDIO, INC. is a Texas corporation whose principal place of business is located at 4941 Oakmont, Corpus Christi, Nueces County, Texas 78413. Hacienda Records and Recording Studio, Inc., at all times material to this action, has engaged in business in Texas as more particularly described below. Defendant Hacienda Records and Recording Studio, Inc., maintains a place of regular business in the Southern District of Texas and may be served with process by serving its registered agent, Roland Garcia, at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404.

3. Defendant, HACIENDA RECORDS, L.P. a/k/a HACIENDA RANCHITO AND/OR DISCOS RANCHITO, is a Texas corporation whose principal place of business is located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404. Hacienda Records, L.P., at all times material to this action, has engaged in business in Texas as more particularly described below. Defendant Hacienda Records, L.P., maintains a place of regular business in the Southern District of Texas and may be served with process by serving its registered agent, Gilbert A. Garcia, at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404.

4. Defendant, LATIN AMERICAN ENTERTAINMENT, LLC, is a Texas corporation whose principal place of business is located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404. Latin American Entertainment, LLC, at all times material to this action, has engaged in business in Texas as more particularly described below. Defendant Latin American Entertainment, LLC, maintains a place of regular business in the Southern District of Texas and may be served with process by serving its registered agent, Gilbert A. Garcia, at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404.

5. Defendant, RICHARD GARCIA a/k/a RICK GARCIA, is an individual residing in the Southern District of Texas. He has engaged in the acts complained of in the Southern District of Texas. Richard Garcia may be served with summons at his place of business, located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404, or such other place as he may be found.

6. Defendant, ROLAND GARCIA, Sr., is an individual residing in the Southern District of Texas. He has engaged in the acts complained of in the Southern District of Texas. Roland Garcia may be served with summons at his place of business, located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404, or such other place as he may be found.

7. Plaintiff is informed and believes that Defendants at all times relative to this action were the agents, servants, partners, joint venturers, and employees of each of the other Defendants, and in doing the acts alleged herein were acting with the knowledge and consent of each of the other Defendants in this action. Alternatively, at all times mentioned herein, each of the Defendants conspired with each other to commit the wrongful acts complained of herein. Although all of the Defendants may not have directly committed all of the acts of the conspiracy or were members of the conspiracy at all times during its existence, each Defendant knowingly performed one or more acts in direct furtherance of the objectives of the conspiracy, and/or wee the alter egos of each other. Therefore, each Defendant is liable for the acts of all of the other conspirators.

## II. JURISDICTION AND VENUE

8. This action arises under the Copyright Laws of the United States (Title 17, U.S.C. §101 et seq.) and the common law of the State of Texas.

9. This Court has exclusive jurisdiction over this action under 28 U.S.C. §§1331 and 1338 in that this action involves claims arising under the Copyright Laws of the United States. To the extent that this action is based on related state claims, the Court has supplemental jurisdiction thereto under 28 U.S.C. §1367.

10. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§1391and 1400 in that Defendants conduct business in the State of Texas and within this District.

## III. FACTS APPLICABLE TO ALL COUNTS

11. Plaintiff, Jose O. Guzman, is a songwriter who authored both the lyrics and the music to a musical composition titled "Triste Aventurera", alternatively known as "Cartas De Amor." Plaintiff is the copyright owner of "Triste Aventurera", alternatively known as "Cartas De Amor," and has complied with the statutory registration and deposit requirements of the Federal Copyright Act of 1976 (Eu 539787).[1]

12. Defendants, Hacienda Records and Recording Studio, Inc., and Hacienda Records, L.P., which have used the assumed names Hacienda Ranchito and/or Discos Ranchito, comprise a sophisticated Tejano music label which manufactures, produces, sells and distributes Tejano albums. Defendant, Latin American Entertainment, LLC, is the general partner of Hacienda Records, L.P. Defendants Roland Garcia, Sr. and Richard Garcia a/k/a Rick Garcia are the founders, owners, directors, and officers of Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., and Latin American Entertainment, LLC. The individual Garcia Defendants are savvy business people who each have over 35 years of knowledge and experience in the music and entertainment

[1] A true and correct copy of the registration is attached as **Exhibit A**.

industries.[2] The individual Garcia Defendants have knowledge of the copyright law and the requirement that a license must be obtained prior to the use and exploitation of a copyrighted work. Further, they control and expressly direct all of the other Defendants' activities.

13. Despite the absence of valid licenses, Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., a/k/a Hacienda Ranchito and/or Discos Ranchito, and Latin American Entertainment, LLC, proceeded to manufacture, produce, sell and distribute records that contained Plaintiff's original lyrics and music for the work, "Triste Aventurera", alternatively known as "Cartas De Amor," on various albums. For example, "Triste Aventurera", alternatively known as "Cartas De Amor" was included by Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., a/k/a Hacienda Ranchito (collectively referred to as "Hacienda Records") and/or Discos Ranchito, and Latin American Entertainment, LLC, on albums they exploited for Tejano artists, including, but not limited to: The Hometown Boys.[3]

14. All named Defendants profited financially from the use and exploitation of Plaintiff's original work, but failed to remit any profits or royalties to Plaintiff or provide Plaintiff with a proper accounting upon request. On September 14, 2012, Plaintiff sent Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., and their President, Roland Garcia, Sr., a demand letter requesting that they cease and desist from any and all unlicensed exploitation of Plaintiff's Works, stating that they had no permission to engage in the exploitation of Plaintiff's Works–specifically

---

[2] Roland Garcia, Sr. and Rick Garcia are collectively referred to as "the individual Garcia Defendants" throughout the remainder of the Complaint. "All named Defendants" refers to the individual Garcia Defendants in addition to all other Defendants named in the style of this case.

[3] See attached **Exhibit B**, list of Albums released by Hacienda Records or Discos Ranchito

including "Triste Aventurera", alternatively known as "Cartas De Amor," and demanding payment and an accounting.

## IV. CAUSES OF ACTION

### A. COPYRIGHT INFRINGEMENT

15. Plaintiff hereby adopts and realleges each and every paragraph of the section titled "Facts Applicable to All Counts," as well as the allegations made in all other parts of this pleading.

16. Plaintiff brings a claim of copyright infringement against all named Defendants: Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Roland Garcia, Sr., and Richard Garcia a/k/a Rick Garcia. Plaintiff is the author and copyright owner of the original lyrics and music in the musical composition, "Triste Aventurera", alternatively known as "Cartas De Amor." Defendants Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., a/k/a Hacienda Ranchito and/or Discos Ranchito, and Latin American Entertainment, LLC, with the knowledge and authorization of the individual Garcia Defendants, produced and/or sold the numerous albums and products containing "Triste Aventurera", alternatively known as "Cartas De Amor," without a proper license or permission from Plaintiff, and disseminated them to the public.

17. Pursuant to 17 U.S.C. §106 and §115, Defendants', Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., a/k/a Hacienda Ranchito and/or Discos Ranchito, and Latin American Entertainment, LLC, exploitation of "Triste Aventurera", alternatively known as "Cartas De Amor" on the products listed on but not limited to Exhibit B, without a license or permission from Plaintiff, is a violation of Plaintiff's exclusive ownership of the copyrighted work. Per 17 U.S.C. §501, anyone who violates any of the exclusive rights of the copyright owner is an infringer

of the copyright. Chapter 17 covers infringement by both corporate entities and individual persons. See *Broadcast Music, Inc. v. Claire's Boutiques, Inc.*, 949 F.2d 1482, 1490 (7th Cir. 1991). The individual Garcia Defendants, Roland Garcia, Sr., and Rick Garcia, and possibly others, to be determined, benefitted from the infringements, and as a result, infringed upon Plaintiff's intellectual property rights in "Triste Aventurera", alternatively known as "Cartas De Amor" and personally profited from the infringement.

18. The individual Garcia Defendants each have several decades of experience in the Tejano music industry and are well aware of their obligations to obtain mechanical licenses and when obtained pay statutory license fees. However, the individual Garcia Defendants chose to ignore these obligations and authorized their corporate entities to manufacture and produce records exploiting Plaintiff's musical composition. The Garcia Defendants are personally liable for the copyright infringements alleged herein by reason of their (1) contributory liability, (2) vicarious liability and/or (3) the benefit received from such infringements. They are liable under the contributory infringement theory because they had knowledge of the infringing activity and directly participated or engaged in activity which induced, caused or materially contributed to the infringing activity of another. Plaintiff also alleges that the Garcia Defendants are or may be liable under the vicarious liability theory because they had the right and ability to supervise the infringing conduct and had an obvious and direct financial interest in the infringing activity. It is believed that none of the named Defendants kept a true or accurate record of the products that they manufactured in-house or of the products that they sold, all to the harm of Plaintiff.

19. All named Defendants profited from the unlawful and unauthorized exploitation of "Triste Aventurera", alternatively known as "Cartas De Amor," and all named Defendants are liable

for copyright infringement. Further, the infringement of Plaintiff's intellectual property rights, by all named Defendants, was willful. Defendants used alternative titles of the work, made changes to the work, and named another person as writer and owner to intentionally conceal their willful infringement. Defendants also continue to take advantage of Plaintiff by collecting revenue from the use and exploitation of "Triste Aventurera", alternatively known as "Cartas De Amor" when they have no right to such revenue. The conduct of all named Defendants constitutes an act of willful infringement, as all named Defendants showed reckless disregard and willful infringement of Plaintiff's rights.

**B. <u>DECLARATORY JUDGMENT</u>**

20. Plaintiff hereby adopts and realleges each and every paragraph of the section titled "Facts Applicable to All Counts," as well as the allegations made in all other parts of this pleading.

21. Pursuant to 28 U.S.C. §2201, Plaintiff respectfully requests that the Court terminate the controversy giving rise to these proceedings and declare the rights and legal relations of the parties in this case. Plaintiff seeks a declaration by the Court that has the force and effect of a final judgment or decree with respect to the following issues:

a. That Plaintiff is the owner of, and is entitled to possess and control, all rights in all copyrights in the musical composition, "Triste Aventurera, alternatively known as Cartas De Amor;"

b. That the Defendants, Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Rick Garcia, and Roland Garcia, Sr., and any persons or entities related thereto, are not entitled to possess or exploit the musical composition, "Triste Aventurera", alternatively known as "Cartas De Amor;" and

c. That Plaintiff is entitled to an accounting for all revenue and profits from the Defendants', Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Rick Garcia, and Roland Garcia, Sr., exploitation of "Triste Aventurera", alternatively known as "Cartas De Amor;" and

## V. ATTORNEYS FEES

22. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees. Such an award is equitable and is authorized by 17 U.S.C. §505.

## VI. DAMAGES AND REMEDIES

23. Plaintiff has suffered damages and losses as a direct, producing, and proximate cause of the acts and omissions of all named Defendants as alleged hereinabove. Specifically, Plaintiff has suffered financial and pecuniary loss due to the repeated and willful infringement of his intellectual property rights in the musical composition "Triste Aventurera", alternatively known as "Cartas De Amor," by all named Defendants. Such infringement includes the unlicensed and unauthorized production and distribution of products containing "Triste Aventurera", alternatively known as "Cartas De Amor." Plaintiff also has suffered financial loss due to Defendants', Hacienda Records and Recording Studios, Inc., Hacienda Records, L.P., a/k/a Hacienda Ranchito and Discos Ranchito, and Latin American Entertainment LLC's failure to or provide him with a true and proper accounting upon request for the use and exploitation of "Triste Aventurera", alternatively known as "Cartas De Amor," and due to Defendant's breach of duties, agreements and collection of monies rightfully due to Plaintiff. Plaintiff cannot be truly compensated for his loss due to Defendants', Hacienda Records and Recording Studios, Inc., Hacienda Records, L.P., and Latin American Entertainment LLC's, failure to keep proper records of the manufacturing and distribution of products embodying "Triste Aventurera", alternatively known as "Cartas De Amor."

24. Plaintiff seeks statutory damages for all named Defendants' copyright infringement of the musical composition, "Triste Aventurera", alternatively known as "Cartas De Amor," as provided by 17 U.S.C. §504(c), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999." Further, Plaintiff seeks an increase in statutory damages for all named Defendants' willful infringement, as provided in 17 U.S.C. §504(c)(2), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999." As detailed throughout the Complaint, all named Defendants have acted with conscious indifference and a total disregard for the rights of Plaintiff.

25. In addition, Plaintiff requests that the Court declare the rights and obligations of the parties in respect of the musical composition, "Triste Aventurera", alternatively known as "Cartas De Amor," pursuant to 28 U.S.C. §2201, and as further detailed in the section titled "Causes of Action: Declaratory Judgment." Plaintiff further seeks an Order requiring all named Defendants to refrain from representing to any persons that Defendants have any right or interest in "Triste Aventurera", alternatively known as "Cartas De Amor."

26. Pursuant to 17 U.S.C. §503(a)(1)(A), Plaintiff also requests that the Court order the impounding of all products that contain a recording of "Triste Aventurera", alternatively known as "Cartas De Amor" which were made or used in violation of Plaintiff's exclusive rights as copyright owner. Plaintiff further requests that the Court order the impounding of all records documenting the manufacture, sale, or receipt of things involved in any such violation, pursuant to 17 U.S.C. §503(a)(1)(C). Plaintiff seeks an award of damages by reason of the willful infringements committed by Defendants.

27. Plaintiff seeks a recovery of all court costs, as provided by 17 U.S.C. §505.

28. Plaintiff seeks a recovery of reasonable and necessary attorneys' fees, as provided by 17 U.S.C. §505.

## VII. DEMAND FOR A JURY TRIAL

29. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, premises considered, Plaintiff requests that on final trial, Plaintiff has:

1. Judgment against all named Defendants for all actual and exemplary damages as alleged by Plaintiff;

2. That Plaintiff recover the amount of all of Plaintiff's damages and all named Defendants' profits attributable to the infringement of "Triste Aventurera", alternatively known as "Cartas De Amor" or, in the alternative, for statutory damages as authorized by 17 U.S.C. §504©, amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999;"

3. That all named Defendants pay Plaintiff additional damages for willfully infringing upon Plaintiff's copyright in "Triste Aventurera", alternatively known as "Cartas De Amor," as authorized by 17 U.S.C. §504(c)(2), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999;"

4. A declaration that none of the named Defendants have any right in and to "Triste Aventurera", alternatively known as "Cartas De Amor," including the right to receive any revenues, consideration or benefit related to exploitation of the same;

5. Reasonable and necessary attorneys' fees with conditional sums for the service of Plaintiff's attorney in the event of subsequent appeals, which include the following:

    a. Preparation and trial legal services;

    b. Post-trial, pre-appeal legal services;

    c. An appeal to the Fifth Circuit Court of Appeals; and

d. An appeal to the United States Supreme Court.

6. Post-judgment discovery and collection in the event execution on the judgment is not necessary;

7. Pre-judgment and post-judgment interest at the highest rate allowed by the law;

8. Court costs; and

9. Such other and further relief to which Plaintiff may be justly entitled.

Dated September 19, 2012.

Respectfully submitted,

SHOWALTER LAW FIRM

By: /s/ David W. Showalter
David W. Showalter
TBA# 18306500
S.D. I.D. 5703

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 341-5572 (FAX)

ATTORNEY FOR PLAINTIFF
JOSE O. GUZMAN