UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSE O. GUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 6:12-CV-42 |
| | § | |
| HACIENDA RECORDS AND | § | |
| RECORDING STUDIO, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Jose Guzman filed this copyright infringement action involving Tejano music in the Victoria Division of the Southern District of Texas. Defendants seek an intradistrict transfer either south on Highway 77 to Corpus Christi or north on Highway 59 to Houston. Because the Court finds that Defendants' proposed venues are not clearly more convenient than Victoria, it **DENIES** Defendants' motion.

I.   **BACKGROUND**

Guzman filed this case on September 20, 2012, claiming that Defendants Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Richard Garcia, and Roland Garcia, Sr. violated his copyright to the musical composition "Triste Adventurera," alternatively known as "Cartas De Amor." Docket Entry No. 1 ¶ 11. According to Guzman, Hacienda Records and Recording manufactured and distributed records containing his

1

original lyrics and music.  Docket Entry No. 1 ¶ 16.  Guzman describes the individual defendants as "savvy business people" closely associated with Hacienda, each with "several decades of experience in the Tejano music industry" and each well aware of their obligations to a copyright holder.  Docket Entry No. 1 ¶¶ 12, 18.  He claims they are liable contributorily, vicariously, or by virtue of direct benefit received, for Hacienda's infringement.  Docket Entry No. 1 ¶ 18.

Defendants filed a Motion to Transfer Venue, arguing that because all parties reside in the Corpus Christi Division, it is a more convenient forum. Docket Entry No. 4 ¶ 21.  In their reply brief, Defendants filed a supplemental request to transfer the case to the Houston Division, which they claim is more convenient because it is where counsel for both parties work and similar cases are pending there.  Docket Entry No. 6 ¶¶ 6–7.

## II.    MOTION TO TRANSFER VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The transfer statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience[s]."  *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H-05-CV-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)).  The

plaintiff's choice of venue is given some weight, however, especially when he resides in the district where the case is filed. Accordingly, a district court should deny transfer "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

### A. Transfer to Corpus Christi Division

The Court first addresses Defendants' initial request to transfer to the Corpus Christi Division. The first question is whether the venue to which transfer is sought is one in which the claim could have been filed. *See Volkswagen II*, 545 F.3d at 312. As Defendants all reside in Corpus Christi, located in the Southern District of Texas, it is undisputed that this suit could have been brought in that division. *See* 28 U.S.C. § 1391(b)(1); Docket Entry No. 4 at 1–2.

Having established this threshold fact, the Court now weights the following private and public interest factors to determine whether transfer is warranted.

> The private concerns are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'

*Volkwagen II*, 545 F.3d at 315 (quoting *In re Volkswagen of Am., Inc. (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004)) (citations omitted). Because Defendants request transfer to a courthouse located less than 100 miles away, the convenience factors may carry less weight. *See Jennings v. Contract Consultants, Inc.*, No. 3:07-CV-0539-L, 2008 WL 977355, at *4 (N.D. Tex. Apr. 8, 2008) ("When the cities are closely located . . . the convenience factor usually becomes less important.").

### 1. *Private Interest Factors*

With respect to the private factors, the first—the parties' interest in easy access to sources of proof—weighs slightly in favor of transfer. Defendants reside in Corpus Christi and most evidence involving sales information is located in Hacienda's Corpus Christi offices. Docket Entry Nos. 3; 4 at 2. And despite Guzman's initial claim that he "is not tied to Corpus Christi," his counsel stated at the scheduling conference that he is a resident of Nueces County, of which Corpus Christi is the county seat. Docket Entry No. 5 at 6.

The increase in convenience which transfer would achieve is minimal, however, for two reasons. First, the Victoria federal courthouse is less than 90 miles from the Corpus Christi federal courthouse. Any burden of transporting evidence to Victoria is thus slight, and Defendants have not established that retaining the case in Victoria will inconvenience the parties to an extent that transfer is justified. *See Jennings*, 2008 WL 977355, at *4 (denying intradistrict

transfer from Dallas to Fort Worth because "inconvenience [would not be] of the magnitude that justifies a transfer"); *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784–85 (S.D. Tex. 1996) (denying intradistrict transfer from Galveston to Houston because inconvenience caused would be "minimal at best in this age of convenient travel"). Further, the electronic nature of much of the discovery will render the burden imposed, already slight, nearly nonexistent. *See Tapia v. Dugger*, No. SA-06-CA-0147-XR, 2006 WL 2620530, at *4 (W.D. Tex. Sept. 7, 2006) ("Technological advances in copying, storing, and transferring data, however, limit the weight to be given the accessibility and location of sources of proof in the § 1404(a) analysis.").

The second private concern—the availability of compulsory process to secure witness attendance—is not a factor. Whether the case is in the Victoria or Corpus Christi Division, the parties have the same power to serve subpoenas anywhere in the Southern District. Fed. R. Civ. P. 45(b)(2)(A) (permitting service of subpoena at any place "within the district of the issuing court"). While nonparty witnesses may have grounds to quash trial subpoenas if they reside more than 100 miles from the courthouse, *see* Fed. R. Civ. P. 45(c)(3)(B)(iii), Defendants have identified no nonparty witnesses. To the extent some exist who reside in Corpus Christi, they would not be able to challenge a subpoena to attend trial less than 100 miles away in Victoria.

The third private factor, the cost of attendance for willing witnesses, leans only slightly in favor of Corpus Christi. While the parties reside in the Corpus Christi Division, the relatively short distance between Corpus Christi and Victoria means that this inconvenience amounts to a witness having to drive little more than an hour to court and use half a tank of gas for the roundtrip. The distance between this Division and the Corpus Christi Division does not break the Fifth Circuit's 100-mile threshold at which "the factor of inconvenience to the witnesses increases." *Volkwagen II*, 545 F.3d at 317 (quoting *Volkwagen I*, 371 F.3d at 204–05). It is true that this factor may be afforded greater weight when the witnesses are "key" parties or "key" nonparties. *See Xtreme Industries, LLC v. Gulf Copper & Mfg. Corp.*, No. H-10-2488, 2010 WL 4962967, at *4 (S.D. Tex. Dec. 1, 2010) ("[T]he relative convenience to key witnesses and key nonparty witnesses is accorded greater weight in the venue transfer analysis.") (citing *Mid-Continent Cas. Co. v. Petroleum Solutions, Inc.,* 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009)). Defendants, however, have not identified any nonparty witnesses who would suffer inconvenience from a Victoria trial, and they have not summarized the expected testimony of party witnesses to provide a sense of those who are most vital.

The Court does not find any other practical problems that would make trial in Corpus Christi easier, more expeditious, or less expensive. Defendants argue that "the location of the alleged infringer's principal place of business is often [a] critical and controlling consideration" in venue determinations for intellectual

property cases. Docket Entry No. 4 ¶ 14 (quoting *Spiegelberg v. The Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 791–92 (S.D. Tex. 2005)). The authority they rely on, however, was decided before the Fifth Circuit's en banc clarification of the relevant venue transfer considerations in *Volkswagen II* and is distinguishable on other grounds.[1] *See Volkswagen II*, 545 F.3d at 315 (using exclusive language in setting out the factors).

The private convenience factors thus favor Corpus Christi, but not significantly. Perhaps the most telling demonstration of the minimal degree of inconvenience that a Victoria forum poses is Defendants' alternative argument that the case should be transferred to Houston. On all the factors that Defendants say favor a Corpus forum, Houston would be more inconvenient than Victoria because it is farther from the witnesses and sources of proof. Defendants' eagerness to litigate in Houston, which they stated was their first choice at the scheduling conference, shows that the minimal distance between Victoria and Corpus Christi poses, at most, a minor inconvenience.

### 2. *Public Interest Factors*

The public interest factors offset the private factors' slight preference for Corpus Christi. Victoria has the least congested docket in the Southern

---

[1] The *Spiegelberg* decision contemplated an interdistrict transfer from Houston to Lubbock involving a much greater distance. *Spiegelberg*, 402 F. Supp. 2d at 788. Plaintiff was not a resident of the District in which the case was filed, and thus his choice of forum was entitled to less deference. *Id.* at 792–93. Finally, the allegedly infringing goods in that case were sold from one retail location in Lubbock. *Id.* at 788.

District, both in terms of civil and combined caseloads, with 145 cases pending as of December 2012 (63 of which are civil cases), compared to 954 pending in Corpus Christi (311 of which are civil cases). Thus, this case would likely proceed to trial more speedily in Victoria.

As for the other public interest factors, while Corpus Christi may have a local interest in determining a copyright case in which the alleged infringing and infringed parties reside in its area, this controversy is not as localized as some other infringement cases. *See Spiegelberg*, 402 F. Supp. 2d at 788, 792 (holding that controversy involving alleged infringement by party selling from a particular retail store was "local to Lubbock"). It is doubtful that Hacienda's alleged distribution of the allegedly infringing materials was limited to the Corpus Christi Division. Finally, the federal nature of copyright law ensures that any court in the Southern District, or in the Fifth Circuit for that matter, will have the same relative familiarity with the governing law. With the private and public interests balancing each other out, Defendants have not met their burden of showing that a Corpus Christi forum would be clearly more convenient.

### B. Transfer to Houston Division

Alternatively, Defendants seek transfer to the Houston Division. The Court first notes that this request was not made until Defendants' reply brief, a vehicle by which new arguments—let alone new motions—may not be asserted. *See* Hon. David Hittner, *Federal Civil Procedure Before Trial* § 12:107.2 (5th Cir. ed. 2011)

(raising new arguments in a reply brief "deprives [the Court] of the adversary exchange that sequential briefing is designed to accomplish"). But because Defendants could arguably file a second motion to transfer venue after losing the Corpus Christi one, the Court will nonetheless address the requested transfer to Houston. *Id.* § 4:776 (emphasizing that a § 1404(a) motion to transfer "technically can be made *at any time*") (emphasis in original).

Defendants' primary argument for Houston is that counsel for both parties are located in the Houston division, making it less costly and more convenient to have the case pending there.[2] Docket Entry No. 6 ¶ 7. But Fifth Circuit law is clear that location of counsel is not a relevant factor in the venue transfer analysis. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (per curiam).

With the convenience of counsel out of the equation, none of the relevant factors favor Houston. And the convenience of the witnesses and less congested docket favor Victoria. The Houston Division is not a clearly more convenient venue for this case.

### III. CONCLUSION

For these reasons, litigating this case in the Corpus Christi Division or the Houston Division would not be clearly more convenient than doing so in the

---

[2] Defendants, claiming that similar litigation between the two attorneys is pending before Judge Rosenthal in the Houston Division, also argue that transfer there would allow the case to be heard by a judge familiar with some of the legal and factual issues. Docket Entry 6 ¶ 6. But the cases before Judge Rosenthal involve disputes between different parties about different songs with different facts, rendering consolidation or treatment as "related cases" unwarranted.

Victoria Division. Accordingly, Defendant's Motion to Transfer Venue (Docket Entry No. 4) is **DENIED**.

SIGNED this 19th day of February, 2013.

_____
Gregg Costa
United States District Judge