UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSE O GUZMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:12-CV-00042 |
| § | |
| HACIENDA RECORDS AND § | |
| RECORDING STUDIO, INC., *et al*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This is a copyright infringement case involving two Tejano songs. Plaintiff José O. Guzman alleges that Defendants copied the "original lyrics and music" in his song, "Triste Aventurera," by producing, selling, and distributing records containing a substantially similar, yet differently named song, "Cartas de Amor." Docket Entry No. 1 ¶¶ 13, 16. Defendants now seek dismissal pursuant to Rule 12(b)(6), or alternatively a more definite statement pursuant to Rule 12(e), on the ground that Guzman failed to plead the infringement allegations with sufficient specificity. Having reviewed the parties' briefs and the applicable case law, the Court **DENIES** Defendants' motion.

The crux of Defendant's motion is whether Guzman's Complaint meets the pleading standard set forth by the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss under Rule 12(b)(6), a claim for relief must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendants argue that Guzman's Complaint fails to meet this standard, because it does not identify the exact elements of "Triste Aventurera" that "Cartas de Amor" copied.  But by identifying the two works at issue and alleging that Defendants copied the original lyrics and music in his copyrighted work, Guzman pleaded a claim that was plausible on its face.  *Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992), is informative.  In that case, the court rejected arguments nearly identical to Defendants' when evaluating a complaint alleging that L.L. Cool J. copied parts of plaintiff's song "Jingling Baby" in his 1991 hit "Mama Said Knock You Out":

> Broad, sweeping allegations of infringement do not comply with Rule 8.  Plaintiff's complaint however, narrows the infringing act to the publishing and distribution of two songs, "Mama Said Knock You Out" and "Jingling Baby" in 1991, which is sufficiently specific for the purpose of Rule 8.  Defendant argues that it is not possible to determine from the complaint the nature of the claimed infringement.  However, such a level of specificity is not required in a complaint.

*Id.* at 36 n.3 (citations omitted).

Though *Kelly* was decided before the Supreme Court clarified the federal pleading standard in *Twombly* and *Iqbal*, under those decisions "the height of the pleading requirement is relative to circumstances." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (Posner, J.); *see also Kadmovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that "some [claims] require more explanation than others to establish their plausibility" (citations omitted)); *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) ("*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2)."). Complex claims, like those in *Twombly* and *Iqbal*, require more specificity than simple ones, such as Kelly's and Guzman's. This makes sense given that *Twombly* and *Iqbal* are "designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference that the suit has sufficient merit to warrant putting the defendant to the burden of responding to at least a limited discovery demand." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010). To the extent *Twombly* and *Iqbal* are animated by concerns that vague allegations will lead to broad, "fishing expedition" discovery, that concern is not present here because the complaint provides notice of an allegation limited to the copying of a three-minute song. The complaint cabins discovery to discrete items, such as the sales data relating to the allegedly infringing song, the creation and production of the allegedly infringing and infringed songs, and not

much else.

Defendants have cited no post-*Iqbal* cases imposing a higher pleading requirement in the copyright context than the *Kelly* court did. After Guzman filed his response to Defendants' motion, the Court held a telephone conference in which defense counsel represented that, in a recent case in this District involving Beyoncé, the court required plaintiffs to identify the constituent elements copied in an allegedly infringed song in order to meet the federal pleading standards. The Court allowed Defendants to file a supplemental brief containing the Beyoncé case and any similar cases, but Defendants' brief only cited *Armour v. Knowles*, No. 4:05-cv-2407 (S.D. Tex.), in which the plaintiff voluntarily amended her complaint against Beyoncé. Docket Entry No. 25 at 5. Contrary to Defendants' position, "even post-Twombly, Rule 8 requires only the pleading of the basic elements of an infringement claim, albeit allegations that rise above the speculative level. There is no heightened pleading requirement for copyright-infringement claims." 6 *Patry on Copyright* § 19:3 (2013); *see also Schneider v. Pearson Educ., Inc.*, No. 12 Civ. 6392(JPO), 2013 WL 1386968, at *3 (S.D.N.Y. Apr. 5, 2013) (ruling that plaintiff's infringement allegations, "though not brimming with details, are specific enough to meet the requirements of Rule 12(b)(6) and Rule 8" and citing cases).

In sum, Guzman has adequately stated a claim for copyright infringement. He has pleaded sufficient content to establish the elements of a copyright claim—

namely, ownership of a valid copyright and copying of constituent elements of his original work.  *See Positive Black Talk Inc. v. Cash Money Records Inc.*, 394 F.3d 357, 367 (5th Cir. 2004) (stating elements of copyright infringement claim), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).  The Complaint provides sufficient notice to allow Defendants to defend against the claim and to limit discovery.  Accordingly, Defendants' Motion to Dismiss and in the Alternative, Motion for More Definite Statement (Docket Entry No. 20) is **DENIED**.

    **SIGNED** this 20th day of May, 2013.

                                                      _____
                                                                     Gregg Costa
                                                           United States District Judge