UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOSE O. GUZMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 6:12-CV-42 |
| § | |
| HACIENDA RECORDS AND § | |
| RECORDING STUDIO, INC., *et al.*, § | |
| § | |
| Defendants. § | |
| § | |
| § | |

## MEMORANDUM AND ORDER

Defendants in this copyright case seek an award of costs including expert witness fees. The statute governing fees in copyright cases provides that a court "may allow the recovery of *full costs*," 17 U.S.C. § 505 (italics added), which is broader than the specific list of costs recoverable under the general costs statute, *see* 28 U.S.C. § 1920. The question is whether the "full costs" language in the copyright statute is broad enough to encompass expert witness fees.

I.  **BACKGROUND**

Defendants obtained a take nothing judgment after a bench trial. They subsequently filed a motion seeking attorney's fees and costs. Docket Entry No. 139. The Court recently denied the request for attorney's fees under the Copyright Act, finding that Mr. Guzman's infringement claim "was not frivolous, objectively unreasonable, or brought in bad faith." *See* Docket Entry No. 160 at 13. The

1

Court now addresses the Application for Costs. *See id.* at 15.

Defendants request an award of costs pursuant to Federal Rule of Civil Procedure 54, 17 U.S.C. § 505, 28 U.S.C. § 1920, and 28 U.S.C. § 1927.[1] Because 17 U.S.C. § 505 specifically applies to copyright cases, it will govern the Court's analysis. *See Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("[A]ny award of fees and non-taxable costs must come through [section 505], and not through the general cost provisions of 28 U.S.C. § 1920."). Application of section 505 usually results in an award of costs to the prevailing party, although the district court retains discretion on the issue. *See* 17 U.S.C. § 505 (stating that "the court in its discretion *may* allow the recovery of full costs" and "*may* also award a reasonable attorney's fee" to a prevailing party in a copyright case (italics added)); *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 147 (5th Cir. 2004) ("The decision to impose costs [under section 505] lies in the sound discretion of the district court, reviewable only for an abuse of discretion.").

## II. ANALYSIS

---

[1] 28 U.S.C. § 1927 permits a court to require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Although Defendants briefly mention section 1927, they cite no case law applying this provision or otherwise brief this statute, nor do they identify specific fees "reasonably incurred because of [unreasonable and vexatious] conduct," *see* 28 U.S.C. § 1927. The argument is therefore forfeited. *See Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 751 (S.D. Tex. 2003) (Atlas, J.) ("The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." (internal citations omitted)).

Defendant's requested amount includes costs related to defense expert witnesses; depositions; court reporters; copying; translator services; and trial transcripts. *See* Docket Entry No. 139-1 at ¶ 4. Guzman objects to the awarding of costs related to expert witness fees on the ground that only costs specified as taxable costs in 28 U.S.C. § 1920 should be included in an award under 17 U.S.C. § 505. As the general costs statute governing federal litigation, section 1920 enumerates categories of expenses that may be taxed against a losing party. It includes items such as "fees of the clerk"; fees for transcripts; and fees for "the costs of making copies." 28 U.S.C. § 1920(1), (2), and (4).[2] It also mentions "fees and disbursement for . . . witnesses," *see* 28 U.S.C. § 1920(3), but courts have held that the witness provision is limited by 28 U.S.C. § 1821, another statute expressly directed at witnesses costs that authorizes travel reimbursements and $40 per diem.

In stark contrast to the list of taxable costs in section 1920, the copyright statute contains no such list and just refers to "full costs." It must cover more costs than those listed in section 1920 or there would be no need for a separate copyright

---

[2] 28 U.S.C.§ 1920 permits the following expenses to be taxed as costs:
    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

provision and no effect given to the different statutory language.  *See Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 885 (9th Cir. 2005) ("Construing § 505 as limiting the costs that may be awarded to any particular subset of taxable costs effectively reads the word 'full' out of the statute. We must give every word in a statute meaning.").  The "full costs" language in section 505 thus compels the Court to tax costs for a number of items in this case, such as the expense of producing demonstratives, that would not be awarded under the general costs statute.  *Compare RLIS, Inc. v. Cerner Corp.*, No. 3:12-CV-209, 2015 WL 4040569, at *3–4 (S.D. Tex. July 1, 2015) (recent decision from this Court holding that "preparation of graphics, animation, or other demonstratives" in patent infringement case are not recoverable trial costs under section 1920); *see also Twentieth Century Fox*, 429 F.3d at 885 (holding that "district courts may award otherwise non-taxable costs, including those that lie outside the scope of § 1920, under § 505"); *Invessys, Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 22–23 (1st Cir. 2004) (holding that costs of electronic legal research, not included as taxable costs under § 1920, are recoverable under § 505).

Yet the broad "full costs" language does not necessarily decide the expert fee issue.  At first glance, "full costs" might seem to include all costs.  And expert witness fees are a substantially more significant cost of most modern civil litigation than are filing fees or copying costs.  But if "full costs" means every cost

associated with a lawsuit, it would encompass the most significant cost of a lawsuit—attorney's fees. Yet 17 U.S.C. § 505 separately addresses "attorneys' fees," which is consistent with the general treatment of costs and attorney's fees as separate categories. *See, e.g.*, 42 U.S.C.§ 1988 (permitting recovery of attorney's fees and of expert witness fees in different subsections). "Full costs" thus does not necessarily include all costs in a lawsuit, contrary to what the he ordinary meaning of "costs" might indicate.

Indeed, the Supreme Court has recognized that the ordinary meaning of "costs" does not control because, as used in the litigation context, "costs is a term of art" and—problematically for Hacienda—"one that generally does not include expert fees." *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006*)*. Although the Supreme Court has never addressed whether costs in the copyright statute covers expert fees, on a number of occasions it has addressed whether other "costs" statutes permit such awards. In the first, *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439, 445 (1987), the Supreme Court affirmed two Fifth Circuit decisions which had concluded that section 1821, with its $40 per diem for all witnesses, sets the ceiling on recoverable expert witness fees. The Court held that "absent explicit statutory or contractual authorization . . . , federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id*. at 445.

Four years later, in *W. Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 87 (1991), the Supreme Court held that 42 U.S.C. § 1988, which permitted in civil rights cases an award of "a reasonable attorney's fee as part of the costs" but did not mention witness fees, lacked the "explicit statutory authority" required by *Crawford Fitting* to shift expert witness fees.[3] The Court reiterated that it "will not lightly infer that Congress has repealed §§ 1920 and 1821, either through Federal Rule of Civil Procedure 54(d) or any other provision not *referring explicitly to witness fees*." *Id.* at 86–87 (brackets omitted) (italics added).  Surveying "[t]he record of statutory usage," *id.* at 88, the Court determined that "[a]t least 34 statutes in 10 different titles of the United States Code explicitly shift attorney's fees *and* expert witness fees,"[4] *id.* at 89 (italics in original), thus concluding that it was "beyond question that attorney's fees and expert fees are distinct items of expense." *Id.* at 92.  The Court therefore held that "§ 1988 conveys no authority to shift expert fees," and so experts appearing at trial in such cases are limited to the fee provided by § 1920 and § 1821. *Id.* at 102.  Of particular relevance here, the majority opinion in *dicta* also rejected out-of-hand the dissent's suggestion that

---

[3] Congress later amended the statute to authorize courts to include an award of expert fees to the prevailing party in civil rights cases.

[4] The *Casey* opinion lists and paraphrases the critical language in these numerous fee-shifting statutes in illuminating detail, and as such the Court will not repeat that exercise here. The Court notes only that the statutes which explicitly shift expert witness fees fall across a wide array of areas of federal law, including consumer safety, environmental and energy regulation, toxic substances, civil rights, administrative procedure, trade, historic preservation, tax, and emergency planning. *See Casey*, 499 U.S. at 88–89, 89 n.4.

expert fees might be recoverable as part of the "costs" allowed by § 1988, even if not part of the "attorney's fee":

> We are aware of no authority to support the counter-intuitive assertion that the term "costs" has a different and broader meaning in fee-shifting statutes than it has in the cost statutes that apply to ordinary litigation. In *Crawford Fitting* we held that the word "costs" in Federal Rule of Civil Procedure 54(d) is to be read in harmony with the word "costs" in 28 U.S.C. § 1920 . . . and we think the same is true of the word "costs" in § 1988.

*Id*. at 87 n. 3 (internal citations and quotation marks omitted).

Most recently, in *Murphy*, 548 U.S. at 300–301, the Supreme Court again held that a statute that permitted courts to "award reasonable attorneys' fees as part of the costs"—this time the Individuals with Disabilities Education Act (IDEA)—did not furnish the "unambiguous notice" required to shift expert fees. In that case, the plaintiffs prevailed in an action against their child's school district and sought recovery of expert fees for the services of an education consultant. *Id*. at 294. But the Court rejected the plaintiffs' "argument that the term 'costs' in [IDEA] should be construed as an open-ended reference to prevailing parents' expenses." *See id*. at 301. In doing so, the Court reaffirmed the principle "that no statute will be construed as authorizing the taxation of witness fees as costs unless the statute 'refers explicitly to witness fees.'" *See id*. at 301 (quoting *Crawford Fitting*, 482 U.S. at 445). Although *Murphy* involved federalism concerns not implicated here, *see id.* at 295–96, the Court's observation that "costs is a term of art that generally

does not include expert fees" bears directly on the meaning of "costs" in 17 U.S.C. § 505. *Id.* at 297.

It is true that the statutes at issue in these Supreme Court cases did not include the term "full costs," but instead just the term "costs," which the Court logically said should be "defined by the categories of expenses enumerated in 28 U.S.C. § 1920." *See, e.g.*, *id.* at 301–02. But the overriding message from these opinions is that "costs" is a term of art that should not be construed to encompass expert witness fees in the absence of a clear indication to the contrary. The numerous federal statutes cited in Casey that expressly allow for prevailing parties to recover expert witness fees demonstrates that Congress knew how to include such language when it enacted 17 U.S.C. § 505 as part of the Copyright Act of 1976. The Supreme Court's observation in *Casey* speaks to this exact time period:

> In 1976, just over a week prior to the enactment of § 1988, Congress passed those provisions of the Toxic Substances Control Act, 15 U.S.C. §§ 2618(d), 2619(c)(2), which provide that a prevailing party may recover "the costs of suit and reasonable fees for attorneys *and expert witnesses.*" Also in 1976, Congress amended the Consumer Product Safety Act, 15 U.S.C. §§ 2060(c), 2072(a), 2073, which as originally enacted in 1972 shifted to the losing party "cost[s] of suit, including a reasonable attorney's fee," see 86 Stat. 1226. In the 1976 amendment, Congress altered the fee-shifting provisions to their present form by adding a phrase shifting expert witness fees *in addition to* attorney's fees. See Pub.L. 94–284, § 10, 90 Stat. 506, 507. Two other significant Acts passed in 1976 contain similar phrasing: the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6972(e) ("costs of litigation (including reasonable attorney and expert witness fees)"), and the Natural Gas Pipeline Safety Act Amendments of 1976, 49 U.S.C.App. § 1686(e) ("costs of suit,

8

including reasonable attorney's fees and reasonable expert witnesses fees").

499 U.S. at 88 (italics in original). The Court further observed that even *prior to* 1976, "Congress enacted similarly phrased fee-shifting provisions in numerous statutes . . . see, *e.g.*, Endangered Species Act of 1973, 16 U.S.C. § 1540(g)(4) ("costs of litigation (including reasonable attorney and expert witness fees)"). *Id*. at 88–89.[5]

This Court therefore concludes that Section 505, which makes no mention of witness or expert fees, does not shift expert witness fees as part of either a "reasonable attorney's fee" or "full costs." *See also Pinkham v. Camex, Inc.*, 84 F.3d 292, 295 (8th Cir. 1996) (holding that "full costs" language in § 505 did not evidence congressional intent to authorize recovery of expert witness fees in excess of the § 1821 limitation); *Artisan Contractors Ass'n of America, Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1040 (11th Cir. 2001) (following *Pinkham* and observing that "Section 505 makes no clear reference to witness fees, nor otherwise evinces a clear congressional intent to supersede the limitations imposed by § 1821").[6] The

---

[5]In addition to these examples, the *Casey* Court in a lengthy footnote listed twenty-seven other statutes passed both prior to and after 1976 that explicitly provide for expert witness fees in addition to attorney's fees. *See* 499 U.S. at 89 n.4.

[6] The Court disagrees with these cases to the extent that they suggest that costs recoverable under section 505 are limited to the taxable costs enumerated in section 1920. *See, e.g.*, *Pinkham*, 84 F.3d at 295 (concluding that "costs under 17 U.S.C. § 505 are limited to the costs expressly identified in 28 U.S.C. § 1920"). As the Court reasoned, *supra* at pp. 3–4, section 505 must cover costs beyond those listed in section 1920. But in concluding that the "full costs" language does not provide the express notice concerning expert witness fees that is

one circuit court opinion to the contrary, which is unpublished, did not acknowledge any of the Supreme Court cases addressing the recoverability of expert witness fees in attorney fees or costs statutes. *See Kourtis v. Cameron*, 358 F. App'x. 863, 868 (9th Cir. 2009) (unpublished) (affirming award of expert witness fees under § 505 and stating only that "non-taxable costs may be included in the calculation of 'full costs' under 17 U.S.C. § 505").

The Court will therefore exclude services rendered by Hacienda's expert witness from an award of costs.

Defendants' Application for Costs (Docket Entry No. 139) is therefore **GRANTED** in part and **DENIED** in part. Defendants may not recover costs related to the services of their expert witness exceeding travel reimbursements and a $40 per diem as authorized by 28 U.S.C. § 1821. Defendants have requested $93,847.50 in costs, including $30,510.00 related to expert witness fees. Deducting those fees, and including $40 for the one day that Defendants' expert testified at trial, the Court **ORDERS** that Guzman pay Defendants $63,417.50 as costs.

**SIGNED** this 18th day of August, 2015.

_____
Gregg Costa

---

required, the Court reaches the same holding as to expert fees.

United States Circuit Judge[*]

---

[*] Sitting by designation.